SEALED

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA



FILED

MAY - 4 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

| | |
|---|---|
| IN RE: APPLICATION FOR AN ORDER )<br>AUTHORIZING THE CONTINUED USE OF A)<br>PEN REGISTER DEVICE, TRAP AND )<br>TRACE DEVICE, DIALED NUMBER )<br>INTERCEPTOR, NUMBER SEARCH DEVICE,)<br>AND CALLER IDENTIFICATION SERVICE,)<br>AND THE CONTINUED DISCLOSURE OF )<br>BILLING, SUBSCRIBER, AIR TIME, AND)<br>HISTORICAL CELL SITE INFORMATION )<br>_____) | NO.<br><br>2:07-SW-0116 EFB<br><br>ORDER<br><br>**UNDER SEAL** |

This matter has come before the Court pursuant to an Application under 18 U.S.C. §§ 3122 and 2703 by Ellen V. Endrizzi, an attorney of the United States Department of Justice. The Application requests an order authorizing the installation and use of a pen register device, trap and trace device, dialed number interceptor, number search device, and caller identification feature on the cellular telephone currently identified by telephone number **(559)455-3793** and IMSI number 310260402220702, hereinafter **(559)455-3793,** and directing T-Mobile, Sprint Nextel Communications, MetroPCS Inc., AT&T Wireless Services Inc., Sprint Spectrum, L.P., Cingular Wireless, Verizon Wireless, GTE Wireless Inc., VIA Wireless Services, Pacific Bell Telephone Company, SBC, AT&T, GTE, U.S. Sprint, MCI, Citizens Utilities, and any other involved telephone company, to disclose certain related subscriber, billing, air time, historical cell site, and toll call information. The Court finds that the Applicant has certified and shown that the information likely to be obtained by the requested use and disclosure is relevant to a legitimate ongoing criminal investigation into

1  possible violations of 18 U.S.C. §§ 922(o), 956(a)(1), 960, 1956,
2  1957 and 371; 22 U.S.C. § 2778; and 26 U.S.C. § 5861(d).
3      The Court further finds that the United States has made a
4  showing that there is reason to believe that notification or
5  disclosure by T-Mobile, Nextel Communications, MetroPCS Inc.,
6  AT&T Wireless Services Inc, Sprint Spectrum L.P., Cingular
7  Wireless, Verizon Wireless, GTE Wireless Inc., VIA Wireless
8  Services, Pacific Bell Telephone Company, AT&T, GTE, U.S. Sprint,
9  MCI, Citizens Utilities, and any other involved telephone
10 company, of the existence of the pen register device, trap and
11 trace device, dialed number interceptor, number search device,
12 and Caller Identification feature, or the request for subscriber,
13 billing, and other relevant information will: (1) endanger the
14 life or safety of an undercover government agent and other
15 government agents; (2) cause the subjects to flee to avoid
16 prosecution; or (3) seriously jeopardize the investigation in
17 that the suspects will stop using their telephones, begin using
18 pay telephones, or move their illegal operations elsewhere.
19     In addition, the Court finds that the Bureau of Alcohol,
20 Tobacco, Firearms and Explosives (ATF) does not currently possess
21 the technology needed to limit the information obtained from a
22 pen register to only the number dialed to reach the called number
23 and not the numbers dialed as numerical codes or messages.
24     The Court also finds that good cause exists for permitting
25 ATF or other authorized law enforcement personnel to obtain
26 information from the trap and trace device, dialed number
27 interceptor, number search device, and Caller Identification
28 feature whether the calls originate in the United States or a

1 | foreign nation.

2 |     IT APPEARING that the numbers dialed or pulsed to or from telephone number **(559)455-3793** and to or from any other telephone numbers subsequently assigned to the same IMSI/ESN within the 60-day period, are relevant to an ongoing criminal investigation of the specified offenses, THE FOLLOWING IS HEREBY ORDERED:

    1.  Pursuant to 18 U.S.C. § 3123, agents of ATF or other authorized law enforcement agency may install and use a pen register to register numbers dialed or pulsed to or from telephone number **(559)455-3793** to record the date and time of such dialings or pulsings, and to record the length of time of such dialings or pulsings, and to record the length of time the telephone receiver in question is off the hook for incoming or outgoing calls for a period of sixty (60) days from the date of this Order, and that this authorization applies not only to the target telephone number listed above, but also to any other telephone numbers subsequently assigned to the same IMSI/ESN within the 60-day period;

    2.  Pursuant to 18 U.S.C. §§ 3123 and 2703(d), T-Mobile, 4 Sylvan Way, Parsippany, NJ 07054, shall install, program, and/or use equipment in order to trap, trace, and identify the telephone numbers of the incoming calls to telephone number **(559)455-3793**, or to any other telephone numbers subsequently assigned to the same IMSI/ESN within the 60-day period, and provide the name, address of the subscriber of record, and IMSI/ESN numbers, whether published or unpublished, for each identified incoming call and where possible, provide the time and duration of each call, and continue the operation of such trap and number search

1  activity for a period not to exceed sixty (60) days from the date
2  of this Order.  T-Mobile will satisfy the requirements of this
3  portion of the Order by providing said subscriber information
4  (name and address of the subscriber of record and IMSI/ESN) only
5  once for each number and is not required to produce subscriber
6  information on each telephone call.  The use of the trap and
7  number search device shall be limited to calls originating in the
8  United States, Laos or Thailand, but only to the extent that such
9  limitation does not impose additional burdens on T-Mobile; if
10 such geographic limitations are unduly burdensome, the use of the
11 trap and number search device may be international in scope;
12      3.   Pursuant to 18 U.S.C. §§ 3123 and 2703(d), that T-Mobile
13 shall examine cellular telephone number **(559)455-3793** and
14 determine if it is equipped with the Caller Identification
15 feature as is supplied to some retail customers.  If said
16 telephone line is not equipped with the Caller Identification
17 feature but the equipment for said feature is available, T-Mobile
18 is directed to add to the existing service the Caller
19 Identification feature with no record of said feature going to
20 the subscriber.  T-Mobile shall be compensated by the government
21 for any additional expenses for installing the Caller
22 Identification feature, and T-Mobile's use of the Caller
23 Identification feature will serve as a substitute for the use of
24 a trap and number search device.  T-Mobile shall take all
25 necessary precautions to ensure that the addition of said
26 feature, or any activity relating to said feature, shall not be
27 reflected on the customer's bill or in any other way be
28 disclosed;

1    4.   Pursuant to 18 U.S.C. § 3123(b)(2), T-Mobile shall
2  furnish agents of ATF or other designated law enforcement agency
3  forthwith all information, facilities, and technical assistance
4  necessary to accomplish the installation and use of the pen
5  register device, trap and trace device, dialed number
6  interceptor, number search device, and Caller Identification
7  feature unobtrusively and with minimum interference with the
8  services that are accorded persons with respect to whom the
9  extension and use is to take place;
10   5. T-Mobile shall furnish the investigating agents the
11 telephone numbers associated with any speed dialing codes dialed
12 or pulsed from cellular telephone number **(559)455-3793**, or to any
13 other telephone numbers subsequently assigned to the same
14 IMSI/ESN within the 60-day period;
15   6.   Pursuant to 18 U.S.C. § 2703(d), T-Mobile shall furnish
16 agents of ATF or other designated law enforcement agency with
17 notice of any change in service involving telephone number
18 **(559)455-3793**, all billing records, toll records, credit cards
19 bills, and call forwarding information for telephone number
20 **(559)455-3793** on a continuing basis for a period of sixty (60)
21 days from the date of this Court's Order;
22   7.   Pursuant to 18 U.S.C. § 2703(d), Cingular Wireless,
23 Nextel Communications, MetroPCS Inc., AT&T Wireless Services
24 Inc., Sprint Spectrum, L.P., Verizon Wireless, GTE Wireless Inc.,
25 VIA Wireless Services, Pacific Bell Telephone Company, SBC, AT&T,
26 GTE, U.S. Sprint, MCI, Citizens Utilities, and any other involved
27 telephone companies shall furnish agents of ATF or other
28 designated law enforcement agency with complete subscriber

information, including IMSI/ESN numbers, for all telephone numbers dialed or pulsed to or from telephone number **(559)455-3793**, as recorded by the pen register device, and for all telephone numbers placing calls to telephone number **(559)455-3793**, as recorded by the trap and number search devices or the Caller Identification feature for a period of sixty (60) days from the date of this Order. This authorization shall apply not only to **(559)455-3793** but also to any other telephone numbers subsequently assigned to the same IMSI/ESN within the 60-day period;

8. Pursuant to 18 U.S.C. §§ 2703(d) and 3123, T-Mobile shall provide agents of ATF with cell site information for the beginning and termination of each call made or received by the cellular telephone identified by number **(559)455-3793**, or any other telephone numbers subsequently assigned to the same IMSI/ESN on a continuing basis for sixty (60) days from the date of the Court's Order;

9. T-Mobile shall be compensated by the government for reasonable expenses incurred in providing facilities and technical assistance in connection with the pen register device, trap and trace device, dialed number interceptor, number search device, and caller identification feature; and

10. Pursuant to 18 U.S.C. §§ 3123 (d) and 2705 (b), **this Order and the Application shall be SEALED** until otherwise ordered by the Court, and T-Mobile, Nextel Communications, MetroPCS Inc., AT&T Wireless Services, Sprint Spectrum, L.P., Cingular Wireless, Verizon Wireless, GTE Wireless Inc., VIA Wireless Services, Pacific Bell Telephone Company, SBC, AT&T, GTE, U.S. Sprint, MCI,

1 | Citizens Utilities, and any other involved telephone company,
2 | shall not disclose the existence of the investigation, the
3 | existence of the pen register device, trap and trace device,
4 | dialed number interceptor, number search device, and caller
5 | identification feature, or the request for subscriber, billing,
6 | and other relevant information to the listed subscribers, or to
7 | any other person, unless or until otherwise ordered by the Court.
8 | **IT IS SO ORDERED.**
9 |
10 | DATED: April 27, 2007
11 | HONORABLE GREGORY G. HOLLOWS
     United States Magistrate Judge